Bissell, J.
Some time in 1890 the Board of County Commissioners of Gunnison county, by resolution spread upon the records, employed the appellee McCormick, and one Mc-Dougal, as clerks of the district and county courts respectively, to index the records of those two courts in that county. Neither the validity of the employment nor the extent of the compensation to which the present appellee would, under the resolutions, be entitled, are matters involved in the present appeal. It appears, however, that under this resolution McCormick indexed the records of his court and presented a bill for the work done, according to his construction of its terms, to the board of county commissioners, for allowance and payment. On the 9th day of April, at an adjourned meeting of the board, a motion was made by one member that the bill be allowed as presented. The motion was lost. At the same meeting it was followed by another, which substantially provided for a reference of this bill to the county attorney, and an examination and report by him preliminary to further action by the board. Within thirty days of these proceedings McCormick attempted to take an appeal to the district court, under section 547 of the General Statutes, which is: “When" any claim of any person against the *321 county shrill be disallowed in whole or in part by the board of commissioners, such person may appeal from the decision of such board to the district court of the same county,” etc.
There is no question concerning the regularity of the appeal, or the taking of the necessary statutory steps, if the appeal could be taken at the time McCormick attempted to prosecute it. It seems very clear that no appeal lay at that time from the action then taken by the board. The statute evidently contemplates final action by the board before the right of review by the district court shall attach in favor of the claimant. This is in accordance with the whole theory and plan of government marked out and established by the statute. The Board of County Commissioners are the governing body to whom are entrusted the care and protection of the affairs of the county, the making of contracts with regard to its interest, and the allowance and payment of all bills which may be incurred by the various parts of that organization. Under some laws their determination is made final. Under others, the only remedy which a party has whose bill may be disallowed, is to bring an action directly against the county, which shall be subject to all the rules and incidents common to the ordinary action of assumpsit. Under ours, the right of appeal will lie whenever the board shall have exercised the final discretion which the statute gives to them. But in order to give the right of appeal under that statute, the disallowance must be an affirmative one, or else it must appear from what the board did that their action was final and conclusive, and that the board reserved to itself no right of further consideration. It is evident that this is not true in the present case. The original vote was upon a motion to allow the bill. Probably had the board stopped there and dismissed the motion from their further consideration, the vote might be taken as so far final as to amount to a disallowance, giving the defeated party the right of appeal. In the present case this vote was followed by a motion, which was carried, referring the matter to their legal advisor for investigation and a report to the board. This *322 proceeding evidently contemplated future and further consideration by the commissioners, when final action would be taken, which would result either in an order to pay the bill, thus saving all expense of future litigation and controversy, or an affirmative order for disallowance, when the right of Appeal would attach. It must be held that this is not the action which the statute contemplates, to give the right of appeal to a claimant who has presented his bill. The contention that the board should have made a motion to reconsider their former vote in order to retain to themselves the right of subsequent action, is without foundation. These members are composed of men who are supposed to be unfamiliar with the rules of law, and there is no presumption that they have that familiarity with parliamentary practice and proceedings which would compel them to observe all its forms in their various proceedings. While in one sense they are a deliberative, in a more accurate sense they are a govérning body, and so long as their acts are within the scope of their powers, and their intentions can be fairly and plainly derived from what they have done, they will be observed And enforced in controversies of this description. This conclusion disposes of the present appeal, and it is unnecessary to consider or determine any other question presented by the record.
For this reason the judgment will be reversed, with directions to the court below to vacate the judgment and dismiss the appeal.

Reversed.